IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HAYWOOD JACKSON MIZELL,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | CIVIL ACTION NO. 1:21-cv-569-ECM |
| ) | (WO) |
| WELLS FARGO, *et al.*,   ) | |
| ) | |
| Defendants.   ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Report and Recommendation of the Magistrate Judge (doc. 18) which recommends granting the Defendants' motions to dismiss (docs. 10 and 11), denying Defendant PHH's motion for sanctions (doc. 11), and dismissing this case with prejudice.  On May 23, 2022, the Plaintiff filed objections to the Report and Recommendation, (doc. 20), and, on June 6, 2022, the Defendants filed responses to the Plaintiff's Objections. (Docs. 21 and 22).

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*.  28 U.S.C. § 636(b)(1).  The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  *De novo* review requires that the district court independently consider factual issues based on the record.  *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990).  However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific to warrant *de novo* review.  *See Stokes v. Singletary,* 952 F.2d 1567, 1576 (11th Cir. 1992) ("[w]henever any party files a timely and specific objection to a finding

of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue") (quoting *LoConte v. Dugger,* 847 F.2d 745, 750 (11th Cir. 1988)).

## DISCUSSION

The Court has carefully reviewed the record in this case, the Recommendation of the Magistrate Judge, the Plaintiff's objections, and the Defendants' responses.  The Plaintiff's Objections largely reiterate the claims made in the complaint and the Plaintiff makes conclusory assertions that he is entitled to relief against the Defendants.  The Plaintiff's general objections do not merit *de novo* review.

To the extent that the Plaintiff challenges the dismissal of his claims based on the alleged nullity of the underlying foreclosure actions, his objections are due to be overruled. Regardless of how the Plaintiff characterizes his claims, it is clear that he seeks to nullify earlier foreclosure proceedings which have been previously challenged in state court. The Magistrate Judge recommended dismissal of the Plaintiff's claims because his claims are barred by the *Rooker-Feldman*[1] doctrine.  The *Rooker-Feldman* doctrine holds that "state court litigants do not have a right of appeal in the lower federal courts; they cannot come to federal district courts complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Behr v. Campbell*, 8 F.4th 1206, 1209–10 (11th Cir. 2021) (internal quotations omitted).

---

[1]  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Although *Rooker-Feldman* is a narrow doctrine, it is applicable in this case. The Plaintiff's complaint seeks "clear title" of his property, and he demands the Defendants "prove their claim, if any, by the presentation of an authenticated instrument of debt." (Doc. 1 at 5). Although the Plaintiff acknowledges that mortgages were held on two pieces of property, he asserts that neither Defendant was "holder[] in due course" of the mortgages, and thus the mortgages and foreclosure actions are null and void. (*Id*.). "*Rooker-Feldman* means that federal district courts cannot review or reject state court judgments rendered before the district court litigation began." *Behr*, 8 F. 4th at 1212. The injuries about which the Plaintiff complains were caused by the underlying foreclosure actions. Because the Plaintiff seeks to have this Court reverse the decisions of the state courts that permitted the foreclosure auctions, his claims for relief are barred by *Rooker-Feldman*. His objections are due to be overruled.

Moreover, in his Objections, the Plaintiff does not at all address the Magistrate Judge's conclusion that his claims are barred by the *Rooker-Feldman* doctrine. The Plaintiff does not point to any error committed by the Magistrate Judge, but instead re-offers his assertion that the foreclosure actions should be nullified. The Court finds that the well-reasoned Recommendation of the Magistrate Judge effectively addresses all of the Plaintiff's claims.

## CONCLUSION

Accordingly, for the reasons as stated and for good cause, it is

ORDERED as follows:

1. The Plaintiff's objections (doc. 20) are OVERRULED

2. The Recommendation of the Magistrate Judge (doc. 18) is ADOPTED.

3. The Defendants' motions to dismiss (docs. 10 and 11) are GRANTED.

4. The Defendant's motion for sanctions (doc. 11) is DENIED.

5. This case is DISMISSED with prejudice.

A separate Final Judgement will be entered.

Done this 17th day of June, 2022.

                                                /s/ Emily C. Marks
                                    EMILY C. MARKS
                                    CHIEF UNITED STATES DISTRICT JUDGE