IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HAYWOOD JACKSON MIZELL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) CASE NO. 1:21-cv-569-ECM-SMD |
| | ) |
| WELLS FARGO BANK N.A., PHH | ) |
| MORTGAGE CORP. | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se plaintiff Haywood Jackson Mizell ("Mizell') sues Well Fargo Bank, N.A., ("Wells Fargo") and PHH Mortgage Corp. ("PHH") alleging that Wells Fargo's 2013 foreclosure on a loan obtained by his wife and PHH's 2010 foreclosure on a loan obtained by his daughter and son-in-law were invalid because defendants did not show that they were holders in due course of lawful debt instruments. Compl. (Doc. 1) at 1, 5.  Mizell's claims are barred by the two-year statute of limitations governing wrongful foreclosure actions in Alabama.  In addition, Mizell has previously litigated these claims in state court, and this case is barred by res judicata.  Finally, Mizell's claims fail on the merits. Accordingly, the undersigned RECOMMENDS that Mizell's complaint be DISMISSED in its entirety WITH PREJUDICE.

## I. PROCEDURAL POSTURE

The undersigned issued a prior recommendation that Mizell's claims be dismissed for lack of subject-matter jurisdiction under the *Rooker-Feldman*[1] doctrine. (Doc. 18). The Court adopted this recommendation and a final judgment dismissing Mizell's case with prejudice was entered. (Docs. 23, 25). Mizell appealed, and the Eleventh Circuit reversed holding that Mizell was challenging the underlying foreclosures themselves and not the state court judgments upholding them. (Doc. 29) pp. 4-5. The case was remanded for further proceedings because "the district court had jurisdiction over Mizell's claims and erred in applying *Rooker-Feldman*." (Doc. 29) p. 5. The undersigned now addresses defendants' statute of limitations, res judicata, and merits defenses.

## II. LEGAL STANDARD

**Pro se Pleadings**

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). However, "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Id.* at 1168-69 (*quoting GJR Inv, Inc. v. Cnty. of Escambia, Fla.*, 123 F.3d 1359, 1369 (11th Cir. 1998)).

---

[1] *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983)

**Motion to Dismiss**

In ruling on a motion to dismiss under Rule 12(b)(6), the Court accepts a plaintiff's well-pleaded facts as true and views the complaint in the light most favorable to the plaintiff. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). A court may grant a motion to dismiss asserting a statute of limitations or res judicata defense when the facts supporting the defense can be determined from the face of the complaint or from reliable public records supporting the motion that the court judicially notices. *Edwards v. Apple Computer, Inc.,* 645 F. App'x 849, 851 (11th Cir. 2016); *Solis v. Global Acceptance Credit Co., L.P.*, 601 F. App'x 767, 771 (11th Cir. 2015).

**Judicial Notice**

Under Fed. R. Evid. 201(b)(2), courts may take judicial notice of facts that can be accurately and readily determined from reliable sources whose accuracy cannot reasonably be questioned. State-court records generally satisfy this standard and federal courts routinely take judicial notice of state-court dockets and pleadings. *Paez v. Sec. Fla. Dep't of Corrs.*, 947 F.3d 649, 651-653 (11th Cir. 2020); *Keith v. DeKalb Cnty., Ga.*, 784 F.3d 1034, 1041 n. 18 (11th Cir. 2014). Public records such as deeds and other recorded land instruments may also be considered without converting a motion to dismiss into a motion for summary judgment. *Oxford Asset Mgt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (proper to take judicial notice of public disclosure documents filed with SEC); *Williams v. Deutsche Bank Nat'l Trust Co.*, 2017 WL 8217639, at *2 n. 1 (M.D. Ga. 2017) (taking judicial notice of security deed).

### III.    FACTS[2]

#### A.    Wells Fargo Foreclosure

In 2003, Mizell and his wife Alice Faye Mizell mortgaged property they owned at 283 East Broad Street, Ozark, Alabama, to Wells Fargo as security for a $295,000 loan. Wells Fargo Mortgage (Doc. 10-2) p. 4.  Mrs. Mizell defaulted on the loan and Wells Fargo foreclosed and sold the property at auction to the City of Ozark in February 2013. Foreclosure Deed (Doc. 10-3) pp. 2-4.

#### B.    State Court Litigation Against Wells Fargo

*Mizell v. Berry, et al.*, Case No. CV-2013-6 (Cir. Ct. Dale County, Ala.) - At the time of the foreclosure in 2013, Mizell filed an action in the Circuit Court of Dale County against Wells Fargo and its attorneys seeking over $2 million in damages for wrongful foreclosure.  Amd. Compl. (Doc. 10-4 at 7-33) p. 27.  In May 2015 the Circuit Court granted Wells Fargo's motion to dismiss and dismissed Mizell's claims with prejudice. Final Order (Doc. 10-4) p. 51.  Mizell appealed, and the Alabama Court of Civil Appeals affirmed, and following the Alabama Supreme Court's denial of certiorari, issued final judgment in June 2016.  Certificate of Judgment (Doc. 10-4) p. 66.

---

[2]  The undersigned takes judicial notice of the publicly-recorded foreclosure deeds and state-court records filed as exhibits with defendants' motions to dismiss.  *See* FED. R. EVID. 201(b)(2); *Cobb v. JP Morgan Chase, LLC,* 2011 WL 13221045, at *1 n. 4 (N.D. Ga. 2011) (taking judicial notice of foreclosure deed without converting motion to dismiss to a motion for summary judgment); *Galstaldi v. Sunvest Comm. USA, LLC*, 637 F. Supp. 2d 1045, 1054 ("court may take judicial notice of . . . documents filed in state court lawsuit between the parties without converting the motion to dismiss to a summary judgment motion").

*Haywood Jackson Mizell, Petitioner*, Case No. 17-203 (Probate Ct. Dale County, Ala.) - In August 2017 Mizell filed a petition in the Dale County Probate Court requesting that the foreclosure deed filed by Wells Fargo be declared invalid. Petition (Doc. 10-5) pp. 2-5. The Probate Court ruled that the foreclosure deed was valid, and this ruling was affirmed on appeal. Findings (Doc. 10-5) pp. 202-203. The Probate Court specifically noted that all of Mizell's claims regarding the loan and foreclosure had been previously litigated. *Id.*

*Mizell v. Wells Fargo, et al.*, Case No. CV-2019-8 (Cir. Ct. Dale County, Ala.) – In April 2019 Mizell filed another action contesting the foreclosure in the Circuit Court for Dale County. He styled this case as a quiet title action. (Doc. 10-6) pp. 2-20. The Circuit Court granted Wells Fargo's motion to dismiss and dismissed this action in June 2019.

### C. PHH Foreclosure

In November 2002, Vincent Hodges and Susannah Hodges ("the Hodges"), Mizell's daughter and son-in-law, mortgaged their property in the Lakeland Hills subdivision in Ozark, Alabama, to Citizens Bank to secure a $134,000 loan. Mortgage (Doc. 11-1). The mortgage was subsequently transferred and assigned to PHH. PHH Foreclosure Deed (Doc. 11-2) p. 2. The Hodges defaulted on the loan and PHH foreclosed on the Lakeland Hills property in September 2010.[3] *Id.* at 4. Fannie Mae purchased the property at the foreclosure auction. *Id.*

---

[3] As a *pro se* plaintiff, Mizell may not represent the Hodges' interests, and his claims against PHH are due to be dismissed on this ground as well. *See Class v. U.S. Bank Nat'l Assoc.*, 734 F. App'x

5

D.  **State Court Litigation Against PHH.**

*Haywood Jackson Mizell, Petitioner*, Case No. 17-218 (Probate Ct. Dale County, Ala.) – In August 2017, Mizell filed a petition in the Dale County Probate Court alleging that PHH's foreclosure against the Hodges was wrongful and seeking to invalidate the foreclosure deed. Petition (Doc. 11-3) pp. 2-3. By Order dated October 11, 2017, the Probate Court granted the subsequent purchaser's motion to strike and deny Mizell's petition. Order (Doc. 11-3) p. 17.

*Mizell v. Lot 8, Lakeland Hills Sub., et al.*, Case No. CV-19-7 (Cir. Ct. Dale County, Ala.) – In March 2019, Mizell filed suit against PHH, Fannie Mae, and others alleging that PHH's foreclosure on the Hodges' property was wrongful. Petition (Doc. 11-4) p. 1. He styled this lawsuit as a quiet title action and sought a declaration that the Hodges owned the property. *Id.* at 7-8. In June 2019, the Court granted PHH's motion to dismiss that asserted statute of limitations and res judicata defenses among others. PHH Motion to Dismiss (Doc. 11-4) pp. 85-92; Order (Doc. 11-4) p. 93. Mizell filed a writ of mandamus in the Alabama Supreme Court that the court denied in September 2019. Order (Doc. 11-4) at 95.

---

634, 636 (11th Cir. 2018) ("[t]he right to appear *pro se* . . . is limited to parties conducting their own cases and does not extend to non-attorney parties representing the interests of others) (internal quotes and citation omitted).

IV. <u>ANALYSIS</u>

A. **Mizell's Claims are Time-Barred.**

Mizell asserts no federal claims. Compl. (Doc. 1). Federal courts sitting in diversity apply the substantive law of the state where they sit, including the state's statute of limitations. *Saxton v. ACF Ind., Inc.*, 254 F.3d 959, 961-962 (11th Cir. 2001). Therefore, Alabama's statute of limitations governs Mizell's claims.

Under Alabama law, actions to set aside foreclosures are subject to a two-year statute of limitations. *Adler v. Bank of New York Mellon*, 218 So. 3d 831, 838 n.5 (Ala. Civ. App. 2016) (explaining that a claim for wrongful foreclosure is subject to a two-year limitations period whether characterized as slander of title, negligent foreclosure, or wanton foreclosure); *FSRJ Properties, LLC v. Walker*, 195 So. 3d 970, 975 (Ala. Civ. App 2015) (holding that a two-year limitations period governs actions to set aside a foreclosure). *See also Cook v. U.S. Bank Nat'l Assoc.*, 2022 WL 829761, at *4 (S.D. Ala. 2022) (recognizing and applying Alabama's two-year statute of limitations for actions to set aside a foreclosure).

Wells Fargo's foreclosure on the East Broad Street property occurred in February 2013. Foreclosure Deed (Doc. 10-3) 2-4. PHH's foreclosure on the Hodges' property occurred in September 2010. PHH Foreclosure Deed (Doc. 11-2) at 4. Mizell filed this action seeking to set aside the foreclosures in August 2021, well after the applicable two-year statute of limitations expired. Complaint (Doc. 1) at 1. Accordingly, Mizell's claims are time-barred.

7

### B. Mizell's Claims are Barred by Res Judicata.

Mizell's claims are also barred by res judicata. Res judicata has the dual purpose of protecting defendants from the burden of repeatedly defending the same claims by the same plaintiffs and of promoting judicial economy by preventing needless litigation. *See Parklane Hosiery Co. Inc. v. Shore*, 439 U.S. 322, 327 (1979). Federal courts asked to give res judicata effect to prior state court judgments apply the res judicata law of the state issuing the judgment. *Kizzire v. Baptist Health Sys., Inc.,* 441 F.3d 1306, 1308 (11th Cir. 2006).

Under Alabama law, "[t]he elements of res judicata are (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions." *Ex parte Webber*, 157 So. 3d 887, 892 (Ala. 2014) (internal quotes and citation omitted). *See also Kizzire*, 441 F.3d at 1308-1309. If these four elements are satisfied, any claim that was, or could have been, adjudicated in the prior action is barred from further litigation. *Id.*

### 1. Claims Against Wells Fargo

With respect to Wells Fargo, the final judgment in *Mizell v. Berry, et al.*, Case No. CV-2013-6 (Cir. Ct. Dale County, Ala.) establishes all four elements of res judicata and bars the present action. On the first element, the Alabama Supreme Court has held that dismissals for failure to state a claim and any dismissal with prejudice is a judgment on the merits. *Austill v. Prescott*, 293 So. 2d 333, 344-345 (Ala. 2019). Therefore, the dismissal of Mizell's claims with prejudice is a judgment on the merits. Final Order (Doc. 10-4) at

8

51. On the second element, Alabama's Constitution provides that a "circuit court shall exercise general jurisdiction in all cases except as may otherwise be provided by law." Ala. Const. Art VI, § 142 (2023); *See also Ex parte Scroggins*, 354 So. 3d 429, 455 (Ala. 2021) (observing that "circuit courts possess general jurisdiction"). Therefore, the Circuit Court of Dale County was a court of competent jurisdiction. On the third element, Mizell sued Wells Fargo, among others, so the parties were identical.

On the fourth and final element, the Alabama Supreme Court explains that "[i]f a claim, which arises out of a single wrongful act or dispute, is brought to a final conclusion on the merits, then all other claims arising out of that same wrongful act or dispute are barred, even if those claims are based on different legal theories or seek a different form of damages" unless the evidence necessary to establish an alternative legal theory is materially different. *Equity Resources Mgt., Inc. v. Vinson*, 723 So. 2d 634, 638 (Ala. 1998). Mizell's claims against Wells Fargo in state court and here all challenge the 2013 foreclosure on the East Broad Street property. Therefore, for res judicata purposes, they present the same cause of action. Mizell's subsequent actions against Wells Fargo contesting the foreclosure in the Dale County Probate and Circuit courts only cement the conclusion that res judicata bars his claims here.

## 2. Claims Against PHH

The same result obtains with respect to Mizell's claims against PHH. Mizell first sued PHH contesting its foreclosure against the Hodges in the Dale County Probate Court. *Haywood Jackson Mizell, Petitioner*, Case No. 17-218 (Probate Ct. Dale County, Ala.).

The Probate Court's order striking and denying Mizell's "petition to nullify and expunge from official records filing of false and fraudulent instrument" is a final judgment on the merits. Order (Doc. 11-3) p. 17. Under Alabama law "all orders judgments and decrees of probate courts shall be afforded the same validity and presumptions which are accorded to judgments and orders of other courts of general jurisdiction." Ala. Code § 12-13-1 (d) (2022). Therefore, the probate court is a court of competent jurisdiction. The petition alleges that "PHH Mortgage Corporation's simulated foreclosure process . . . was wrongful in its entirety." Petition (Doc. 11-3) p. 2. Therefore, the parties and cause of action are the same. Accordingly, the probate court's judgment has preclusive effect and Mizell's claims against PHH here are barred by res judicata. The Dale County Circuit Court's recognition of PHH's res judicata defense in his subsequent action contesting the Hodges' foreclosure further confirms this conclusion. *Mizell v. Lot 8, Lakeland Hills sub., et al.*, Case No. CV-19-7 (Cir. Ct. Dale County, Ala.), PHH Motion to Dismiss (Doc. 11-4) pp. 85-92; Order (Doc. 11-4) p. 93.

Res judicata "rests upon the ground that public policy, and the interest of the litigants alike, mandate that there be an end to litigation; that those who have contested an issue shall be bound by the ruling of the court; and that issues once tried shall be considered forever settled[.]" *Webber*, 157 So. 3d at 892 (internal quotes and citations omitted). Mizell has repeatedly attempted to relitigate claims he lost years ago against Wells Fargo and PHH. It is time for this harassing litigation to end.

10

### C. Mizell's Claims Fail on the Merits.

Ultimately, Mizell's claims here fail on the merits. Mizell's "complaint demands that both Defendants prove their claim, if any, by the presentation of an authenticated instrument of debt." Complaint (Doc. 1) p. 5. This argument has been pursued by pro se litigants against their creditors across the nation is commonly known as a "show me the note" claim. *See Douglas v. Troy Bank & Trust Co.,* 122 So.3d 181, 183 (Ala. Civ. App. 2012). Alabama is a non-judicial foreclosure state, and the procedures required for a creditor to foreclose on mortgaged property are established by statute. Ala. Code §§ 35-10-11 through 35-10-16 (1975). Nothing in the statute requires a creditor to prove its claim by presentation of an authenticated instrument of debt prior to sale of the mortgaged property. *Farkas v. SunTrust Mortg. Inc.,* 447 F. App'x 972, 973 (11th Cir. 2011) (explaining that "Alabama's foreclosure statute sets forth the requirements for conducting a non-judicial foreclosure under the 'power of sale' contained in the mortgage, but the statute does not provide a cause of action for a mortgager to require the mortgagee to establish proof of claim prior to initiating the foreclosure"); *Douglas*, 122 So. 3d at 183-184 (rejecting "show me the note" claim under Alabama law).

### D. Sanctions.

PHH includes in its motion to dismiss a request for Rule 11 sanctions. Mot. (Doc. 11) pp. 21-25. Rule 11 contains several procedural requirements. Among them, "a motion for sanctions must be made separately from any other motion[,]" and the motion must be served on the target for sanctions but not filed for 21 days to allow withdrawal of the

challenged filing. FED. R. CIV. P. 11(c)(2). PHH has not complied with these requirements, and its motion for sanctions is not properly before the court. *Khan v. Artivion, Inc.*, 2023 WL 5655875, at *5 (N.D. Ga. 2023).

Mizell is warned, however, that federal courts have wide discretion to impose sanctions, and if he files any more claims related in any way to Wells Fargo's and PHH's foreclosures in this court, the undersigned will consider appropriate sanctions including charging him defendants' attorneys' fees and placing restrictions on his future filings. *See Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993).

## V. <u>CONCLUSION</u>

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that Defendants' motions to dismiss (Docs. 10 & 11) be GRANTED and that Mizell's Complaint (Doc. 1) be DISMISSED in its entirety with prejudice. The undersigned further

RECOMMENDS that Defendants' Motions to Stay (Docs. 32 & 33) be DENIED as MOOT. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before February 26, 2024. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of

legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE this 12th day of February, 2024.

                                            /s/ Stephen M. Doyle
                                            UNITED STATES MAGISTRATE JUDGE