IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HAYWOOD JACKSON MIZELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL CASE NO. 1:21-cv-569-ECM ) [WO] |
| WELLS FARGO BANK N.A., *et al.*, | ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

On February 12, 2024, the Magistrate Judge entered a Recommendation that Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") and Defendant PHH Mortgage Corp.'s ("PHH") (collectively, "Defendants") motions to dismiss (docs. 10, 11) be granted, that the Defendants' motions to stay (docs. 32, 33) be denied as moot, and that this action be dismissed with prejudice. (Doc. 37).  On February 20, 2024, the Plaintiff timely filed objections to the Magistrate Judge's Recommendation. (Doc. 38).

After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and the Plaintiff's objections, the Court concludes that the Plaintiff's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted as modified herein, the Defendants' motions to dismiss are due to be granted to the extent that they request dismissal of the complaint and denied to the extent they request sanctions, the Defendants' motions to stay are due to be denied as moot, and this action is due to be dismissed with prejudice.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error.

The Magistrate Judge recommends that the Plaintiff's complaint be dismissed on three separate grounds: (1) his claims are barred by the applicable statute of limitations, (2) his claims are barred by res judicata, and (3) his claims fail on the merits. As to the third ground, the Magistrate Judge explained that the Plaintiff's complaint demands that the Defendants "prove their claim, if any, by the presentation of an authenticated instrument of debt"; the Magistrate Judge concluded, however, that Alabama law does not require a creditor to prove their claim "by presentation of an authenticated instrument of debt prior to the sale of the mortgaged property." (Doc. 37 at 11) (first citing *Farkas v.*

2

*SunTrust Mortg. Inc.,* 447 F. App'x 972, 973 (11th Cir. 2011); then citing *Douglas v. Troy Bank & Trust Co.,* 122 So. 3d 181, 183–84 (Ala. Civ. App. 2012)). The Plaintiff objects to this conclusion and contends that the Alabama Code "does require presentment of the debt instrument and that the debt instrument be surrendered if full payment is made." (Doc. 38 at 10) (emphasis omitted). In support, the Plaintiff cites Alabama Code § 7-3-501(b)(2), a provision of the Uniform Commercial Code ("U.C.C."). But "[a] foreclosure is an action on a mortgage and, as such, is not governed by the U.C.C." *Farkas*, 447 F. App'x at 973 (first citing ALA. CODE § 7-3-104(a); then citing ALA. CODE §§ 35-10-11 to -14).[1] Consequently, the Plaintiff's objection is due to be overruled.

Additionally, to the extent the Plaintiff in his objections reiterates the claims and factual assertions contained in his complaint, these general objections are reviewed for clear error and are due to be overruled.

Because the Court agrees with the Magistrate Judge's conclusion that the Plaintiff's claims fail on the merits, the Court pretermits discussion of the statute of limitations and res judicata and thus declines to adopt the recommendations that the complaint be dismissed on those grounds.

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

1. The Plaintiff's objections (doc. 38) are OVERRULED;

---

[1] While the Court acknowledges that *Farkas* is nonbinding, the Court finds its analysis persuasive.

2. The Recommendation of the Magistrate Judge (doc. 37) is ADOPTED as modified herein;

3. The Defendants' motions to dismiss (docs. 10, 11) are GRANTED to the extent they request dismissal of the complaint and DENIED to the extent they request sanctions;

4. The Defendants' motions to stay (docs. 32, 33) are DENIED as moot;

5. This case is DISMISSED with prejudice.

A separate Final Judgment will be entered.

DONE this 28th day of February, 2024.

                                    /s/ Emily C. Marks
                                EMILY C. MARKS
                                CHIEF UNITED STATES DISTRICT JUDGE